THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| AMERICAN CITY BUSINESS JOURNALS, INC., *et al.* | : | Case No. 2:17-cv-00596 |
| Plaintiffs, | : | JUDGE ALGENON L. MARBLEY |
| v. | : | Magistrate Judge Jolson |
| PAUL L. PARSHALL, *et al.* | : |  |
| Defendants. | : |  |

## OPINION & ORDER

This matter is before the Court on Plaintiffs' Motion to Dismiss (ECF No. 9) Defendants' Counterclaim. (ECF No. 7-17). For the reasons set forth below, Plaintiffs' Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

This matter originated as a trademark action in which Plaintiffs American City Business Journals, Inc. and Business Journals of Ohio, Inc. sought a declaration that Plaintiffs are the sole owners of trademark rights associated with the trademark "Dayton Business Journal." (ECF No. 1 at 1). In response, Defendants Paul L. Parshall and Dayton Business Journal, LLC filed a counterclaim alleging that Plaintiffs infringed on Defendants' state trademark rights by using the tradename "Dayton Business Journal" from December 29, 2000, through April 21, 2017, in the Dayton, Ohio region. (ECF No. 7-17).

Mr. Parshall registered the trademark "Dayton Business Journal" on December 17, 1981, with the Ohio Secretary of State for the purpose of publishing a business newspaper in Dayton.

1

(ECF No. 7-17 at 3). He published the first edition of the Dayton Business Journal on or about December 1, 1983. (*Id.*). However, in the mid- to late-1980s, Mr. Parshall suspended publishing the newspaper, purportedly with the hope and expectation that he would one day resume publication. (*Id.*). It is uncontested that he has not actively used the trademark since. (*Id.*).

In October 2000, Plaintiffs filed an application for registration of the trademark "Dayton Business Journal" with the U.S. Patent and Trademark Office. (*Id.*). In January 2015, the Ohio Secretary of State sent a "Notice of Cancellation of a Fictitious Name Registration" to Plaintiffs. (*Id.*).

A few months later, Mr. Parshall took several steps to secure his putative right to the "Dayton Business Journal" tradename: he registered the service mark with the Ohio Secretary of State, registered a limited liability company under the name, and obtained a tradename registration of "Dayton Business Journal" on August 3, 2016. (*Id.* at 4). He then assigned all of his state common law and statutory rights to a wholly-owned limited liability company, Dayton Business Journal, LLC – his co-defendant in this case. (*Id.*).

After Plaintiffs initiated action against Defendants, Defendants filed a Counterclaim requesting declaratory and monetary relief for Plaintiffs' alleged infringement of Defendants' rights under Ohio law. (ECF No. 7-17). Plaintiffs then filed a Motion to Dismiss Defendants' Counterclaim on October 2, 2017. (ECF No. 9). In response, on October 22, 2017, Defendants filed a memorandum in opposition. (ECF No. 14-1)[1]. Plaintiffs then filed their Reply thereto. (ECF No. 15). The motion is ripe for review.

---

[1] The Court **GRANTS** the Motion for Leave to File the Supplemental Memorandum in Opposition to the Motion to Dismiss the Counterclaim (ECF No. 14) and **STRIKES** the inadvertently-filed incomplete version of the document at ECF No. 13.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed if it fails to state a claim upon which relief can be granted. The facts of the claim for relief must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim does not need to contain "detailed factual allegations," but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. The claim must be construed in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). When considering a motion to dismiss, a court "must accept as true all of the allegations contained in a [counterclaim]… [except] legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Finally, if plaintiffs "have not nudged their claims across the line from conceivable to plausible, their [counterclaim] must be dismissed." *Twombly*, 550 U.S. at 555.

## III. LAW AND ANALYSIS

According to Plaintiffs, dismissal of the counterclaim under Federal Rule of Civil Procedure 12(b)(6) is appropriate for any of the following three reasons: first, any rights Defendants may have had in the Dayton Business Journal trademark or trade name were abandoned thirty years ago as a matter of law; second, Defendants' counterclaims are barred by the doctrine of laches; and finally, Defendants' counterclaims are barred by the doctrine of unclean hands. (ECF No. 9 at 1).

Plaintiffs argue that the counterclaim should be dismissed because the Parshall group abandoned its right to the "Dayton Business Journal" mark. (ECF No. 9 at 6-9). Under Ohio law, a mark is considered "abandoned" when either: (1) its use has been discontinued with the intent not to resume that use, or (2) any course of conduct by the owner of the mark, including actions and omissions, causes the mark to lose its significance as a mark. Ohio Rev. Code Ann. §

1329.54(J). Ohio law also provides that "intent not to resume use" may be "inferred from the circumstances, and nonuse of a mark for three consecutive years constitutes prima facie evidence of that intent [not to resume use]." R.C. § 1329.54(J)(1). In other words, it is the "actual use of a trade name, trademark or service mark in connection with the business and not the duration of such use . . . [that] gives rise to legal rights." *Cesare v. Work*, 36 Ohio App.3d 26, 32 (Ohio App. 1987) (citing *Younker v. Nationwide Mut. Ins. Co.,* 191 N.E.2d 145, 149 (Ohio 1963)). "[A] period of non-use may be evidence from which an intent to abandon may be inferred, depending upon the length of such non-use, the cause of it and other relevant factors." (*Id.*). For a tradename to be considered abandoned, the period of non-use must be significant: "it is not the law that 'the slightest cessation of use causes a trade-mark to roll free, like a fumbled football, so it may be pounced upon by any alert opponent.'" *Id.* The party arguing abandonment has the burden of providing "clear and convincing evidence" that the trademark has indeed been abandoned. *Id*. at 33.

Defendants concede that they have not used the mark actively since the mid- to late-1980s. (ECF No. 7-17 at 3). This bare fact is fatal to their counterclaim. The plain text of the Ohio Revised Code provides that nonuse for merely three years is "prima facie evidence" of abandonment. R.C. § 1329.54(J)(1). Defendants have not used the Dayton Business Journals mark in at least thirty years—ten times the statutory guideline. The burden then shifts to Mr. Parshall to demonstrate intent to resume use. *Yellowbook Inc. v. Brandeberry*, 708 F.3d 837, 848 (6th Cir. 2013) (citing *Crash Dummy Movie, LLC v. Mattel, Inc.,* 601 F.3d 1387, 1391 (Fed. Cir. 2010)). As to intent, Mr. Parshall pleads only that, as of the mid- to late-1980s, he had the "hope and expectation that he would one day re-establish" the Dayton Business Journal. (ECF No. 7-17). He has not pled that he had any intent at all to resume use of the trademark at any point

4

between the late-1980s and 2015, when he registered the service mark with the Ohio Secretary of State.

Defendants cite an Ohio case, *Cincinnati Realty Co.*, where twenty years elapsed and the court declined to find abandonment. (ECF No. 14-1 at 5 (citing *Cincinnati Realty Co. v. St. Nicholas Plaza, Inc.*, 1931 WL 2776 (Ohio App. Feb. 3, 1931))). *Cincinnati Realty*, however, is distinguishable. In *Cincinnati Realty Co.*, the tradename and articles of incorporation of the company remained current and had not been cancelled by the Secretary of State, and the company presented evidence of plans of action regarding the tradename in the future. *Id*. at *8. Mr. Parshall, on the other hand, does not hold clear title to the tradename "Dayton Business Journal," as his original tradename registration was cancelled by the Secretary of State. (ECF No. 9 at 3 (citing ECF No. 7-17)). In addition, the only action Mr. Parshall has taken since the mid- to late-1980s to show any intent to resume use is registering the service mark "Dayton Business Journal" with the Ohio Secretary of State in 2015. (ECF No. 7-17 at 4). He still has not attempted to use the service mark in connection with any newspaper, journal, or magazine, nor does his counterclaim allege that he has future plans for such use. (*Id*.)

In a similar tradename abandonment case, the Sixth Circuit found that six years of non-use qualified as abandonment with intent not to resume use. *Yellowbook Inc. v. Brandeberry*, 708 F.3d 837 (6th Cir. 2013). In *Yellowbook*, the Defendant abandoned his use of a trademark by selling his rights to Plaintiff. *Id.* at 848. Plaintiff subsequently registered the trademark. *Id*. at 848. Defendant then waited until Plaintiff's trademark registration expired and registered the trademark himself, but never actually resumed use of the mark. *Id.* Here, the case for abandonment is even stronger: Plaintiffs used the tradename "Dayton Business Journal" for seventeen straight years, any point during which Mr. Parshall could have sought a declaratory judgment. (ECF No. 7-17 at

2). He did not. Instead, he waited until Plaintiffs' registration expired, registered the tradename to himself, and continued to fail to use the mark. (*Id.* at 3). As in *Yellowbook*, waiting until the registration has expired is "not enough to support an intent to resume use, and indeed suggests that [Mr. Parshall] thought [Plaintiffs] had the rights to the mark, at least until the registration had expired. *Yellowbook*, 708 F.3d 837 at 848. In sum, Mr. Pashall's allegations cannot serve as the basis for a valid claim on the tradename.[2]

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Dismiss the Counterclaim is **GRANTED.**

**IT IS SO ORDERED.**


**DATED: September 25, 2018**

    s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

---

[2] Because the Court holds that Defendants' counterclaim must be dismissed based on abandonment, it is unnecessary to determine whether Plaintiffs' alternative theories of laches and unclean hands also bar Defendants' counterclaim.